```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In re                                                 :
                                                      :
NEELAM UPPAL,                                         :
                                                      :     Adv. Pro. No. 17-AP-01026 (CGM)
                                  Debtor.             :
                                                      :
------------------------------------------------------X
                                                      :
NEELAM UPPAL,                                         :
                                                      :
                                  Appellant,          :     17-CV-08510 (VSB)
                                                      :
            - against -                               :     **OPINION & ORDER**
                                                      :
BARRY WILKINSON AND CHARLENE                          :
RODRIGUEZ,                                            :
                                                      :
                                  Appellees.          :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2018

VERNON S. BRODERICK, United States District Judge:

  Pro se Appellant Neelam Uppal ("Uppal" or "Debtor") brings this appeal from two orders of Chief Bankruptcy Judge Cecelia Morris in the underlying adversary proceeding: (1) the September 15, 2017 order dismissing the adversary proceeding and (2) the September 22, 2017 order granting sanctions. On January 3, 2018, Appellees Charlene Rodriguez ("Rodriguez"), G. Barry Wilkinson, P.A. ("Law Firm"), and G. Barry Wilkinson ("Wilkinson" and collectively with Rodriguez and the Law Firm, "Creditors") moved for sanctions against Uppal. For the following reasons, the orders of the Chief Bankruptcy Judge Morris are AFFIRMED and Creditors' motion for sanctions is GRANTED.

## I. Factual Background and Procedural History

This appeal stems from an adversary proceeding that Uppal filed against Creditors ("Adversary Proceeding") in the bankruptcy proceeding below. In the Adversary Proceeding, Uppal alleged a violation of the automatic stay in her Chapter 13 bankruptcy case. The underlying controversy between Uppal and Rodriguez originated in small claims court in Pinellas County, Florida—*Rodriguez v. Uppal*, Case No. 10-0044509-SC—in which Rodriguez retained the Law Firm to represent her in connection with a claim against Uppal ("Underlying Tenant Dispute"). Rodriguez sought to recover a $900 security deposit that she paid to Uppal, her landlord at the time. Uppal refused to return the security deposit and filed a counter-claim for unpaid rent and physical damages. (*See* A.P. Doc. 12, ¶¶ 23–24.)[1] The trial court ruled for Rodriguez and entered three separate final judgments in favor of Rodriguez against Uppal in the Underlying Tenant Dispute. (*See* Bankr. Doc. 130.)[2]

On August 15, 2016, Uppal filed a bankruptcy petition in the Southern District of New York. (Bankr. Doc. 1.) She filed a complaint against Rodriguez, Law Firm, and Wilkinson on February 16, 2017, which alleged that Creditors had violated the automatic stay and initiated the Adversary Proceeding. (A.P. Doc. 1.) On July 26, 2017, Creditors moved for summary judgment, or in the alternative, to dismiss the Adversary Proceeding. (A.P. Docs. 12, 12-3.) In response, Uppal maintained that Creditors violated the automatic stay.

On September 15, 2017, Chief Judge Morris ("Bankruptcy Judge") heard arguments related to Creditors' motions for (1) summary judgment, or in the alternative to dismiss the Adversary Proceeding, and (2) sanctions and attorney's fees ("September 15 Hearing"). Uppal

---

[1] "A.P. Doc." refers to the docket in the adversary proceeding, No. 17 A.P. 1026.
[2] "Bankr. Doc." refers to docket in Uppal's Chapter 13 bankruptcy proceeding, No. 16-12356-JLG.

attended, and participated in, the September 15 Hearing. (*See* A.P. Docs. 62, 71.) That same day, the Bankruptcy Judge dismissed the Adversary Proceeding. (*See* A.P. Doc. 65.)

Prior to the September 15 Hearing, on June 7, 2017, Creditors served Uppal an initial, "safe harbor" copy of their motion for attorney's fees and sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure, warning Uppal of the remedies they would pursue and the potential consequences if Uppal failed to dismiss or withdraw the Adversary Proceeding against them. (*See* A.P. Doc. 31-1.) This notice occurred 36 days prior to Creditors filing the motion on July 13, 2017. Nevertheless, Uppal failed to dismiss or withdraw the Adversary Proceeding. On July 13, 2017, Creditors filed their Rule 9011 motion for attorney's fees and sanctions against Uppal, (A.P. Doc. 9), and on August 16, 2017, Creditors made supplemental filings to show compliance with the service and safe harbor requirements of Rule 9011, (A.P. Docs. 31, 46). On August 31, 2017, Creditors made two further supplemental filings containing affidavits of other attorneys opining as to the reasonableness of their motion for sanctions and attorney's fees. (A.P. Docs. 57, 57-1, 57-2.) On September 8, 2017, Uppal filed her objection to Creditors' motion for sanctions and attorney's fees. (A.P. Doc. 60.)

During the September 15 Hearing, the Bankruptcy Judge also heard arguments related to Creditors' motion for sanctions and attorney's fees, and ultimately granted Creditors' motion. (*See* A.P. Doc. 66). The Bankruptcy Judge concluded that Uppal's complaint in the Adversary Proceeding "was filed in bad faith, for improper purpose, and solely for the purpose of harassing and delaying these Defendants/Creditors, in violation of Rule 9011" and "contained false statements and was frivolous, having no basis in fact or in law." (*Id.*)

Uppal now appeals the Bankruptcy Court's dismissal of the Adversary Proceeding and its

3

grant of sanctions. (Docs. 1, 23.) In response to Uppal's appeal, Creditors have moved for sanctions in this action. (Doc. 18.)

## II. Legal Standards

### A. *Bankruptcy Appeal*

A district court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. On such an appeal, a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed de novo. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994). A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *See, e.g.*, *In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997). A bankruptcy court's "rulings on the credibility of witnesses . . . are [also] reviewed under an abuse of discretion standard." *In re CBI Holding Co.*, 419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d Cir. 2006); *BIC Corp. v. Far E. Source Corp.*, 23 F. App'x 36, 38–39 (2d Cir. 2001) (summary order)).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010). The district court may not consider evidence outside the record. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008). Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal. *See In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n.3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)); *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994).

## B. *Motion for Sanctions*

Rule 11 of the Federal Rules of Civil Procedure states that the court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). Rule 9011 of the Federal Rules of Bankruptcy Procedure parallels Rule 11, "containing only such modifications as are appropriate in bankruptcy matters." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotation marks omitted). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

Under Rule 38 of the Federal Rules of Appellate Procedure, a court of appeals may, after a motion is filed separately and the appellant is given a reasonable opportunity to respond, sanction an appellant for bringing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 8020 of the Federal Rules of Bankruptcy Procedure "adopts the provisions of Rule 38." *See In re Carlton Concrete Corp.*, No. 08-CV-242 (JFB), 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008) (internal quotation marks omitted); *see also* Fed. R. Bankr. P. 8020(a) (providing that a district court may award damages and "single or double costs" to the appellee if it determines that an appeal was frivolous). Sanctions under these rules may be imposed where an appeal is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly

5

unsupported by the evidence." *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 7 (2d Cir. 2018) (summary order) (quoting *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also Carlton Concrete Corp.*, 2008 WL 4443233, at *11 n.9.

### III. Discussion

#### A. *Bankruptcy Appeal*

Uppal's appeal briefs are not a model of clarity. She offers a number of arguments, many of which are raised improperly for the first time on appeal. Specifically, Uppal raises the following issues on appeal: (1) Creditors violated the automatic stay, (2) Wilkinson committed perjury, (3) the Bankruptcy Judge erred by imposing sanctions on Uppal, (4) Uppal was denied due process, (5) the Bankruptcy Judge was prejudiced and abused her discretion in entering a judgment that was arbitrary and capricious, and (6) Creditors "conspired." For the reasons stated below, these arguments are entirely without merit and the Bankruptcy Judge's orders granting Creditors' motion for sanctions and dismissing the adversary proceeding are affirmed.

#### 1. Automatic Stay

Uppal argues that the Bankruptcy Judge erred in determining that Creditors did not violate the automatic stay. (Appellant Br. 7, 21, 23–26.)[3] The Bankruptcy Judge considered Uppal's accusations that Creditors violated the automatic stay at the September 15 Hearing. (*See* A.P. Doc. 71 at 37–56.) She questioned both Wilkinson and Uppal and urged both parties to submit evidence in support of their positions. After hearing from the parties, as well as considering the motions, responses, and documents filed over a nearly seven-month period, the Bankruptcy Judge determined that there was no genuine dispute as to any material fact and that the Adversary Proceeding should be dismissed. Simply put, the record contains reliable and

---

[3] "Appellant Br." refers to the Initial Brief of the Appellant, filed February 6, 2018. (Doc. 23.)

unrefuted evidence that supports the Bankruptcy Judge's determination that Creditors did not violate the automatic stay. I find no reason to disturb the Bankruptcy Judge's factual findings or conclusions of law as to that determination.

### 2. Perjury

Uppal also argues that Wilkinson committed perjury. (*See* Appellant Br. 7, 12–17, 27–29.) Although she cites various federal statutes concerning perjury, many of which are inapplicable to the proceedings before the Bankruptcy Judge, Uppal does not cite any relevant facts or documents to support her allegation that Wilkinson "lied to the [B]ankruptcy Judge." (*Id.* at 57.) Uppal fails to provide any details from the evidentiary record that would support a perjury claim, and I discern no purpose in her allegations other than to disparage Creditors and to prolong this litigation.

### 3. Sanctions

Uppal also argues that the Bankruptcy Judge erred in imposing sanctions on Uppal under Rule 9011 of the Federal Rules of Bankruptcy Procedure. (*See id.* at 7, 18–20, 28.) However, there is nothing in the evidentiary record to suggest that Creditors failed to comply with the requirements of Rule 9011 or that the Bankruptcy Judge erred in her determination. Creditors made their Rule 9011 motion separately from their other motions, the motion described the specific conduct in violation of Rule 9011(b), and the motion was properly served and filed.

Moreover, the Bankruptcy Judge determined at the September 15 Hearing that Uppal's "conduct [was] part of a pattern of activities [of Uppal] having filed multiple papers without any merit." (A.P. Doc. 71 at 58.) Uppal has set forth no argument on appeal to refute this determination. In her order granting sanctions, the Bankruptcy Judge found that Creditors had complied with the service requirements of Rule 9011 and that Wilkinson's bills were "fair,

7

reasonable and necessary," thereby rejecting Uppal's argument that Wilkinson fabricated his bills. (A.P. Doc. 66.) I find no abuse of discretion in the Bankruptcy Judge's credibility determinations. *See CBI Holding Co.*, 419 B.R. at 563.

### 4. Remaining Arguments

Uppal's remaining arguments—many of which are made in passing and without any factual or legal support—are also without merit. Specifically, Uppal argues that she was denied due process, the Bankruptcy Judge was prejudiced and abused her discretion in entering a judgment that was arbitrary and capricious, and Creditors "conspired." As with many of Uppal's arguments, these unsupported allegations are frivolous, serving only as a vehicle to attack the characters of the Bankruptcy Judge and Creditors.

Similarly, Uppal points to a number of exhibits and documents that are not part of the evidentiary record before me. (*See, e.g.*, Appellant Br. App. 2–3, 4–8, 8–9, 10–11, 12–27, 28–33, 34–38, 39–41.)[4] For example, Uppal includes a screenshot of her bank accounts, which was not introduced, referred to, or relied upon in the Adversary Proceeding below. (*See id.* at 2–3.) As I am unable to make my own factual findings, *see Bear Stearns*, 389 B.R. at 339, I do not consider any of these documents on appeal.

Accordingly, the Bankruptcy Judge's orders granting Creditors' motion for sanctions and dismissing the adversary proceeding are affirmed.[5]

---

[4] "Appellant Br. App." refers to the Appendix to Initial Brief of the Appellant ("Appendix"), filed February 6, 2018. (Doc. 24.) The cited page numbers correspond to the page numbers assigned to the Appendix by the Electronic Court Filing system.

[5] On March 29, 2018, Uppal filed an "Emergency Motion for Stay." (Doc. 28.) To the extent Uppal's motion for stay is directed at this Court, it is denied as moot. In addition, district courts are vested with appellate jurisdiction over bankruptcy court rulings, and may only consider appeals from final bankruptcy court orders. *See* 28 U.S.C. § 158(a). Thus, to the extent Uppal's motion is directed at the bankruptcy court, this Court does not have jurisdiction to rule on Uppal's motion.

### B. *Motion for Sanctions*

Creditors urge that Uppal should be sanctioned for bringing this appeal because the appeal is spurious and lacks any cognizable basis in fact or law. (Sanctions Mot. 2, 12.)[6] They argue that Uppal's pleading, which appears to be a form complaint that was used for another matter, contains a number of brazen lies that are unsupported by the evidentiary record. (*See id.* at 12–14.) Creditors seek various forms of relief, including, among other things, (1) double attorney's fees and costs; (2) any damages Creditors have incurred; (3) a prohibition on Uppal from filing any further bankruptcy actions or actions in this Court for three years; (4) a fine of $25,000 as sanctions to be paid to the Clerk of Court for the benefit of the New York Legal Aid Society, or any such other organization as the Court deems appropriate; (5) an additional civil fine of $1,000 per day for every day she fails to pay the amounts assessed by the Court and by courts below; and (6) a public reprimand of further sanctions. (*See id.* at 26–27.)

This matter is one in a long line of cases that Uppal has commenced in federal court. Uppal has filed for bankruptcy six times[7] and filed at least twenty-five federal proceedings. *See In re Taneja*, No. 17 Civ. 5618 (ER), 2018 WL 1831853, at *5 (S.D.N.Y. Apr. 16, 2018), *appeal docketed*, No. 18-1225 (2d Cir. Apr. 26, 2018). Although I am cognizant of her pro se status, Uppal is no stranger to the court system. Furthermore, she has been repeatedly warned about making conclusory and unsupported allegations in court filings. *See id.* (collecting cases). She has been explicitly cautioned that continuing to raise frivolous issues will result in sanctions.

---

[6] "Sanctions Mot." refers to Appellees, Charlene Rodriguez, G. Barry Wilkinson P.A., and G. Barry Wilkson's Motion for Sanctions, Damages, and Attorney's Fees and Costs and Supporting Memorandum of Law, filed January 3, 2018. (Doc. 18.)

[7] *See In re Neelam Uppal*, No. 8:00 Bk. 9734 (TEB) (M D. Fla. Bankr. 2000); *In re Neelam T. Uppal*, No. 8:12 Bk. 18946 (CPM) (M.D. Fla. Bankr. 2012); *In re Neelam T. Uppal*, No. 8:13 Bk. 5601 (CPM) (M.D. Fla. Bankr. 2013); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:15 Bk. 594 (CPM) (M.D. Fla. Bankr. 2015); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 16 Bk. 12356 (CGM) (S.D.N.Y. Bankr. 2016); *In re Neelam Taneja a/k/a Neelam Uppal*, 17 Bk. 10140 (CPM) (M.D. Fla. Bankr. 2017).

*See, e.g.*, *Uppal v. Indest*, No. 17-CV-7072 (CM), 2017 WL 6405660, at *4 (S.D.N.Y. Oct. 12, 2017) ("Plaintiff is warned that further frivolous or duplicative litigation in this Court will result in an order barring her from filing new actions in this Court, regardless of whether she pays the filing fee or seeks leave to proceed *in forma pauperis*, without prior permission."); *Uppal v. Uppal*, No. 8:10-cv-2566-T-23AEP, 2011 WL 2516676, at *1 (M.D. Fla. June 23, 2011) (dismissing action, noting that it was "repetitive, vexatious, and frivolous," and warning Plaintiff against pursuing another frivolous litigation). Even during the pendency of this appeal, she was sanctioned by Judge Edgardo Ramos in a similar case in the Southern District of New York. *Taneja*, 2018 WL 1831853, at *5 ("[T]he Court admonishes [Uppal] to refrain from making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to Appellees.").

The Bankruptcy Judge in this matter dismissed the Adversary Proceeding and imposed sanctions on Uppal for bringing the Proceeding in bad faith. (*See* A.P. Docs. 65, 66.) In so doing, she reasoned that Uppal's conduct was "part of a pattern of . . . fil[ing] multiple papers without any merit." (A.P. Doc. 71 at 58.) Nonetheless, Uppal persisted in filing this appeal. As discussed above, this appeal rests on the same unsupported allegations of wrongdoing that Uppal previously raised before the Bankruptcy Judge. I find that this appeal was similarly brought in bad faith. However, I decline to impose the sanctions proposed by Creditors. Instead, Uppal is directed to pay $5,000 to Creditors. Uppal is advised, once again, that any frivolous filings brought in the future will almost certainly result in further sanctions. In addition, I find that Uppal must show cause for why she should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file her complaint. *See* 28 U.S.C. § 1651.

## IV. Conclusion

For the foregoing reasons, the decisions of the Bankruptcy Judge are AFFIRMED and Creditors' motion for sanctions is GRANTED. The Clerk of Court is respectfully directed to terminate all pending motions, mail a copy of this Opinion & Order to the pro se Appellant.

In addition, Uppal is ordered to show cause by affirmation why she should not be barred from filing any further actions in this Court without first obtaining permission from this Court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant . . . without providing the litigant with notice and an opportunity to be heard."). Uppal shall submit to this Court within forty-five (45) days of the date of this Order, a written affirmation setting forth good cause why this injunction should not be imposed upon her by this Court. Should Uppal fail to submit an affirmation within the time directed, or should Uppal's affirmation fail to set forth good cause, she may be barred from filing any further actions in this Court without first obtaining permission from this Court to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 20, 2018
     New York, New York

Vernon S. Broderick
United States District Judge