```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In re                                                 :
                                                      :
NEELAM UPPAL,                                         :
                                                      :      Adv. Pro. No. 17-AP-01026 (CGM)
                              Debtor.                 :
                                                      :
------------------------------------------------------X
                                                      :
NEELAM UPPAL,                                         :
                                                      :
                              Appellant,              :      17-CV-08510 (VSB)
                                                      :
              - against -                             :      OPINION & ORDER
                                                      :
BARRY WILKINSON and CHARLENE                          :
RODRIGUEZ,                                            :
                                                      :
                              Appellees.              :
                                                      :
------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  Before me is pro se Appellant Neelam Uppal's Motion for Rehearing and Rehearing en Banc, (Doc. 34), which I construe as a motion for reconsideration of my September 20, 2018 Opinion & Order (the "9/20/18 O&O," Doc. 32), pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3. Because I find that there is no basis for me to reconsider my 9/20/18 O&O, Appellant's motion is DENIED.

  **I. Background and Procedural History**[1]

  Uppal filed the instant bankruptcy appeal on November 3, 2017, challenging two orders entered by Chief Bankruptcy Judge Cecilia Morris (the "Bankruptcy Judge") in the underlying

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in my 9/20/18 O&O.

adversary proceeding—the first order dismissed the adversary proceeding, in which Uppal alleged that Appellees Charlene Rodriguez and G. Barry Wilkinson violated the automatic stay in her Chapter 13 bankruptcy case, and the second granted Appellees' request for sanctions. *See Uppal v. Rodriguez (In re Taneja)*, No. 17-1026-cgm, ECF No. 65 (Bankr. S.D.N.Y. Sept. 21, 2017) (dismissing action with prejudice); *id.* at ECF No. 66 (Sept. 22, 2017) (awarding sanctions).

On January 3, 2018, Appellees moved for sanctions in connection with Uppal's filing of this appeal from the orders of the Bankruptcy Court. (Doc. 18.) The parties filed their papers in connection with the instant appeal on February 6, March 7, and April 4, 2018. (*See* Docs. 23, 25, 29.) On September 20, 2018, I affirmed the orders of the Bankruptcy Judge and granted Appellees' motion for sanctions. (9/20/18 O&O.) I also directed Uppal to show cause why she should not be barred from filing any further actions in this Court without first obtaining permission. (*Id.* at 11.)

On October 1, 2018, Uppal submitted the instant motion for reconsideration and a memorandum of law in support. (Docs. 34, 36.) On the same day, Uppal filed a notice of appeal from the 9/20/18 O&O.[2] (Doc. 35.) On January 3, 2019, Appellees submitted their opposition to Uppal's motion for reconsideration, (Doc. 37), and on January 14, 2019, Uppal submitted her reply, (Doc. 38).

## II. Applicable Law

### A. *Reconsideration*

Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 allow reconsideration or

---

[2] On October 4, 2018, the Second Circuit issued an "Initial Notice of Stay of Appeal," staying Uppal's appeal pending the resolution of the instant motion. *See In re Uppal*, No. 18-2922, ECF No. 11 (2d Cir. Oct. 4, 2018). Pursuant to the instructions in the 9/20/18 O&O, (*see* 9/20/18 O&O 11), Uppal's application to proceed *in forma pauperis* before the Second Circuit was denied.

reargument of a court's order in certain limited circumstances. "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.3d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

### B.     *Filing Injunction*

District courts have "the authority to enjoin [parties] from further vexatious litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986); *see also* 28 U.S.C. § 1651(a); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction). A district court must consider the following factors in determining whether to issue such an injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Safir*, 792 F.2d at 24.

### III.    Discussion

### A.     *Reconsideration*

Uppal fails to present the "exceptional circumstances" required to meet her burden on her motion for reconsideration. Instead, Uppal repeats her baseless accusations of bias and prejudice on the part of the Bankruptcy Judge, (Uppal Br. 8),[3] and also now accuses this Court of bias and prejudice, and of colluding with other judges in this District who have similarly dismissed actions filed by Uppal, (*id.* at 2). *See, e.g.*, *Taneja v. Health Law Firm (In re Taneja)*, No. 17 Civ. 5618 (ER), 2018 WL 1831853, at *6 (S.D.N.Y. Apr. 16, 2018) (affirming decision of bankruptcy judge and awarding sanctions); *Uppal v. Indest*, No. 17-CV-7072 (CM), 2017 WL

---
[3] "Uppal Br." refers to Uppal's Motion for Rehearing and Rehearing en Banc, filed October 1, 2018, (Doc. 34).

6405660, at *4 (S.D.N.Y. Oct. 12, 2017) (dismissing complaint for failure to state a claim). These allegations are also entirely without merit: after independently reviewing the merits of Uppal's appeal and affirming the Bankruptcy Judge's orders, the 9/20/18 O&O simply referenced a sampling of other unsuccessful actions Uppal had initiated in this District (and elsewhere) in order to highlight her pattern and practice of filing frivolous appeals. (*See* 9/20/18 O&O 9–10.)

Uppal otherwise largely repeats arguments set forth in her original motion papers, including allegations that Appellees committed perjury, conspired against Uppal, and violated the automatic stay, and that the dismissal of this action violates Uppal's due process rights. (Uppal Br. 6–10.) All of these arguments were disposed of in the 9/20/18 O&O. (*See* 9/20/18 O&O 6–9.) The only new argument that Uppal appears to raise in her motion for reconsideration is the contention that the Bankruptcy Judge lacked jurisdiction pursuant to Federal Rule of Bankruptcy Procedure 8008(a) to enter the orders from which Uppal appeals. (*See* Uppal Br. 8–9.) Not only did Uppal fail to raise this argument in her original motion papers, but it also lacks merit. Rule 8008(a) governs a bankruptcy court's disposition of a motion filed while an appeal from the bankruptcy court action is pending. Here, it appears that Uppal attempted to file her notice of appeal on September 15, 2017—the same day the Bankruptcy Judge orally granted Appellees' motions to dismiss the adversary proceeding and for sanctions. (*See Rodriguez*, No. 17-1026-cgm, ECF No. 71, at 58:16-18.) However, the Bankruptcy Judge's written rulings on those two motions were not issued until September 21 and 22, 2017, respectively. (*See id* at ECF Nos. 65, 66.) Thus, when Uppal submitted her notice of appeal to this Court on September 15, 2017, the notice was premature as the Bankruptcy Judge had not yet entered final orders on the motions that Uppal sought to challenge. *See* 28 U.S.C. § 158(a)(1) (specifying that district

5

courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges). Moreover, Uppal's notice of appeal was not docketed until November 3, 2017, (*see* Doc. 1), and Rule 8008 limits bankruptcy courts' disposition of motions only where "an appeal [] has been docketed and is pending." Fed. R. Bankr. P. 8008(a). Since Uppal's appeal had not been docketed at the time the Bankruptcy Judge ruled on the motions at issue, Rule 8008's limitation is inapplicable.

Because Uppal has failed to demonstrate any intervening change of controlling law, the availability of any new evidence, or the need to correct a clear error or prevent manifest injustice, her motion for reconsideration is denied.

### B. *Filing Injunction*

In the 9/20/18 O&O, I directed Uppal to submit "a written affirmation setting forth good cause" why she should not be enjoined from filing further actions in this Court without first obtaining permission. (9/20/18 O&O 11.) Uppal has failed to comply with that directive. Indeed, in her motion for reconsideration and supporting papers, she makes no reference whatsoever to the possible entry of a filing injunction.

As discussed in the 9/20/18 O&O, Uppal has a long history of filing vexatious litigation, having filed for bankruptcy six times and filed at least twenty-five federal proceedings. (*See id.* at 9.) Uppal has been repeatedly warned about making conclusory and unsupported allegations in court filings, *see Taneja*, 2018 WL 1831853, at *5, and has been sanctioned on multiple occasions for bringing actions in bad faith, (*see id.*; *Rodriguez*, No. 17-1026-cgm, ECF No. 66; 9/20/18 O&O 10). Indeed, after I issued the 9/20/2018 O&O warning her against future frivolous filings, she immediately moved for reconsideration and filed a notice of appeal challenging that Order. (*See* Docs. 34, 35.) Given this history of failed claims, Uppal does not

have an objective, good faith expectation of prevailing in a future action. Uppal has unquestionably imposed a needless burden on both Appellees here and other adversaries in defending these various meritless actions, as well as on this Court and its personnel in resolving them. As such, a filing injunction is warranted. Uppal therefore will be required to seek leave of court in order to file any future action in this Court or in the United States Bankruptcy Court for the Southern District of New York.[4]

## IV. Conclusion

For the reasons stated above, Uppal's motion for reconsideration, (Doc. 34), is DENIED. In addition, a filing injunction shall be entered requiring Uppal to seek leave of this Court before filing any future action in this Court.

The Clerk of Court is respectfully instructed to mail a copy of this Order to the pro se Appellant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 1, 2019
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

---

[4] On October 31, 2019, Chief Judge Colleen McMahon entered an Order in an unrelated action barring Plaintiff from filing future civil actions *in forma pauperis* in this Court without first obtaining leave from the Court, on account of Plaintiff's "history of filing vexatious, frivolous, or nonmeritorious actions in federal courts," as well as Plaintiff's status as "an abusive serial bankruptcy filer." *Uppal v. Bank of America*, No. 18-CV-3085 (CM), ECF No. 19 (S.D.N.Y. Oct. 31, 2019) (citation omitted).

7